**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

### 05/01/2025
Notice of Service
Memo to Clerk with Proof of Service; Exhibit 1 - attny email confirmation of service.
> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK
> **On Behalf Of:** AMY PENICK. PH.D.,

### 04/25/2025
**Note to Clerk eFiling**

> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

**Memorandum Filed**
Memorandum.
> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

**Entry of Appearance Filed**
Entry of Appearance of Nicole Matlock.
> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK
> **On Behalf Of:** AMY PENICK. PH.D.,

### 04/24/2025
**Judge/Clerk - Note**
NEEDS ADDITIONAL 40.00 DOLLARS WITH A FILING FEE MEMORANDUM AND ADDITIONAL 36.00 DOLLARS CITY SHERIFF FEES WITH A SERVICE FEE MEMORANDUM AND OR A REQUEST FOR SPECIAL PROCESS SERVER FOR SERVICE ON DEFENDANT

**Filing Info Sheet eFiling**

> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

**Note to Clerk eFiling**

> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK

Pet Filed in Circuit Ct
> **Petition for Damages**

Petition for Damages; Confidential Documents form F135; Petition for Damages - unredacted; Exhibit 1.
> **Filed By:** NICOLE ALEXANDRA KARIM MATLOCK
> **On Behalf Of:** AMY PENICK. PH.D.,

**EXHIBIT**
**A**

2522-CC00757

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

**IN THE CIRCUIT COURT FOR ST. LOUIS CITY,**
**STATE OF MISSOURI**

| | |
|---|---|
| AMY PENICK, PH.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Div. No. |
| MERS/MISSOURI GOODWILL | ) |
| INDUSTRIES, | ) |
| | ) |
| Serve: | ) |
| Arens, Mark | ) |
| 1727 Locust St. | ) |
| Saint Louis, MO 63103 | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Dr. Amy Penick, by and through her attorneys, and for her Petition

for Damages against Defendant MERS/Missouri Goodwill Industries ("MERS Goodwill"), states

as follows:

**INTRODUCTION**

1.     This matter arises under the Americans with Disabilities Act (ADA) as amended,

42 U.S.C. § 12101 *et. seq*. Plaintiff was subjected to disability discrimination and retaliation during

her employment at MERS Goodwill, including the termination of her employment.

**PARTIES**

2.     Plaintiff is a citizen of the state of Missouri and currently resides in St. Louis,

Missouri.

3.     Defendant MERS Goodwill is an organization or corporation in the state of

Missouri. Defendant has the capacity to sue and be sued and is located in St. Louis, Missouri.

4.     All facts giving rise to this cause of action occurred in or about St. Louis, Missouri.

1

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

**GENERAL ALLEGATIONS**

5.      Venue in this Court is proper pursuant to Mo. Rev. Stat. § 508.010 and U.S. Constitution Article III, Section 1.

6.      Plaintiff has satisfied the administrative requirements to file suit under the American with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*

7.      On or about November 2, 2023, Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC). The EEOC docketed Plaintiff's charge as Charge No. 560-2024-00446.

8.      On or about February 7, 2025, the EEOC issued Plaintiff a Notice of Right to Sue Letter for her charge. A copy of the Notice is attached hereto as Exhibit 1.

9.      Plaintiff filed this lawsuit within ninety (90) days from the date on the Notice of Right to Sue.

**FACTS APPLICABLE TO ALL COUNTS**

10.      Plaintiff worked as a College and Career Readiness (CCR) Specialist MERS Goodwill Excel Center at 1727 Locust St., St. Louis, MO 63103 from about April 2022 until the termination of her employment in April 2023.

11.      Plaintiff previously worked at MERS Goodwill as an adjunct instructor from about January 2022 to April 2022.

12.      Plaintiff reported to Director of the St. Louis Excel Center ▉▉▉▉▉▉ throughout her employment.

13.      During her employment with Defendant, Plaintiff performed her job duties and responsibilities in a satisfactory manner.

2

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

14. During her employment as a CCR Specialist, Plaintiff observed problems with Defendant providing consistent accommodations to students with disabilities.

15. Starting in about November 2022, Plaintiff voiced concerns about Defendant's compliance with ADA for Adult Education to ███████████, ███████████, and ███████████.

16. On or about December 7, 2022, Plaintiff complained to Defendant's Human Resources department that she felt retaliated against after voicing concerns.

17. Plaintiff continued to exchange emails with CEO Mark Arens and other officials of MERS Goodwill about the lack of consistency in accommodating students with disabilities and suggestions for policy changes.

18. In or about January 2023, Plaintiff met with Human Resources about her complaint.

19. In or about January 2023, Plaintiff informed Defendant that she had the disability of Social Anxiety Disorder.

20. Plaintiff's complaints of violations of the ADA included the following items:

a. That MERS Goodwill had an insufficient policy for accommodations;

b. That MERS Goodwill had inconsistent provision of accommodations to students; and

c. That MERS Goodwill had unreasonable deadlines and improper requirements for her own seeking of accommodations for her disability.

21. Defendant did make changes to its policy on accommodations after Plaintiff's reports and complaints.

22. In or about March 2023, Defendant's ███████████ and ███████████ met with Plaintiff to discuss Plaintiff's job expectations. In that meeting, ███████████

3

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

stated they should be commending Plaintiff for helping them change the policy regarding accommodations.

23.    On or about April 4, 2023, Plaintiff notified Defendant that she needed to apply for FMLA leave to care for her father.

24.    Defendant notified Plaintiff that she was not eligible for FMLA but would be eligible on April 18, 2023.

25.    On or about April 26, 2023, Defendant MERS Goodwill terminated Plaintiff's employment.

26.    Defendant falsely claimed it terminated Plaintiff's employment because she had used profanity.

27.    Other staff at Defendant used profanity and/or unprofessional language but were not terminated.

## VIOLATIONS OF LAW

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28.    Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

29.    Plaintiff has a diagnosis of Social Anxiety Disorder.

30.    Plaintiff's condition of Social Anxiety Disorder substantially impairs her major life activities of social interactions, communications with people, and public speaking among peers.

31.    Plaintiff's Social Anxiety Disorder constitutes a disability under the ADA.

32.    Defendant was aware of Plaintiff's disability since about January 2023.

33.    Defendant took negative employment actions against Plaintiff during her employment, as described above, including the termination of her employment.

4

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

34.     Plaintiff's disability was a motivating factor in Defendant's actions against her.

35.     Defendant's actions have caused Plaintiff to suffer lost compensation and benefits of employment, emotional distress, and attorneys fees.

36.     Defendant's actions constituted disability discrimination in violation of the ADA, 42 U.S.C. § 12111.

37.     Defendant took the above actions willfully.

38.     Defendant took the above actions with malice and/or reckless indifference to the rights of Plaintiff.

39.     As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer lost compensation and benefits of employment.

40.     As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and mental anguish.

41.     As a direct result of Defendant's discriminatory conduct, Plaintiff has incurred and continues to incur attorney's fees, costs, and other expenses in connection with this matter.

WHEREFORE, Plaintiff Amy Penick prays that this Court, after trial by jury, finds for Plaintiff and against Defendants and enter judgment for Plaintiff in excess of $25,000 for Plaintiff's lost wages and benefits of employment, emotional distress, punitive damages, attorney's fees and costs of litigation, and such other relief that this Court deems just and proper.

### COUNT II: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

43.     Plaintiff made complaints and/or reports of violations of the ADA during her employment.

5

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

44.     Plaintiff's complaints and reports constituted protected activity.

45.     Defendant took negative employment actions against Plaintiff during her employment, as described above, including the termination of her employment on April 26, 2023.

46.     Plaintiff's complaints and/or reports were a motivating factor in Defendant's actions against her.

47.     Defendant's actions constituted retaliation in violation of the ADA, 42 U.S.C. § 12203.

48.     Defendant took the above actions willfully.

49.     Defendant took the above actions with malice and/or reckless indifference to the rights of Plaintiff.

50.     As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer lost compensation and benefits of employment.

51.     As a direct result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer emotional distress and mental anguish.

52.     As a direct result of Defendant's discriminatory conduct, Plaintiff has incurred and continues to incur attorney's fees, costs, and other expenses in connection with this matter.

WHEREFORE, Plaintiff Amy Penick prays that this Court, after trial by jury, finds for Plaintiff and against Defendants and enter judgment for Plaintiff in excess of $25,000 for Plaintiff's lost wages and benefits of employment, emotional distress, punitive damages, attorney's fees and costs of litigation, and such other relief that this Court deems just and proper.

**COUNT III: INTERFERENCE IN VIOLATION OF THE**
**FAMILY AND MEDICAL LEAVE ACT**

53.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth and restated herein.

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

54.     At the time of her termination, Plaintiff was an eligible employee under the FMLA.

55.     Defendant was a covered employer under the FMLA.

56.     As of April 4, 2023, Defendant was aware that Plaintiff was likely to take FMLA leave to care for her father when she became eligible for FMLA leave.

57.     Defendant interfered with Plaintiff's FMLA rights by terminating her employment on April 23, 2023.

58.     Defendant's actions prevented Plaintiff from taking FMLA leave to care for her father.

59.     Defendant's actions interfered with Plaintiff's right to take FMLA leave to care for her father.

60.     As a direct result of Defendant's conduct and actions, Plaintiff has suffered and will continue to suffer lost wages and benefits of employment.

61.     As a direct result of Defendant's conduct and actions, Plaintiff has suffered and will continue to suffer emotional distress and mental anguish.

62.     As a direct result of Defendant's conduct and actions, Plaintiff has incurred attorneys' fees and litigation costs and will continue to incur such fees and costs.

63.     Defendant's actions were willful, entitling Plaintiff to liquidated damages under the FMLA.

WHEREFORE, Plaintiff Amy Penick prays that this Court, after trial by jury, finds for Plaintiff and against Defendant and enter judgment for Plaintiff in excess of $25,000 for Plaintiff's lost wages and benefits, emotional distress, liquidated damages, attorneys' fees, and costs of litigation, and such other relief that this Court deems just and proper under the circumstances.

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

## DEMAND FOR JURY TRIAL

64.    Plaintiff demands trial by jury on all issues triable by a jury in this Petition.

Respectfully Submitted,

KENNEDY HUNT LAW, P. C.

By: _/s/ Nicole Matlock_____
NICOLE MATLOCK, #66894
SARAH JANE HUNT, #63899
4500 West Pine Blvd.
St. Louis, MO 63108
(314) 872-9041 phone
(314) 872-9043 fax
nmatlock@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com

8

**2522-CC00757**

EXHIBIT 1

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On:  **February 7, 2025**

**To:** Dr. Amy J. Penick
1825 Rutger St
SAINT LOUIS, MO 63104
Charge No: 560-2024-00446

EEOC Representative and email:    WALTER HARRIS
Senior Investigator
walter.harris@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 560-2024-00446.

On behalf of the Commission,

Alfred C. Kirk Jr.
Digitally signed by Alfred C. Kirk Jr.
Date: 2025.02.07 11:27:28 -06'00'

p.p.

David Davis
District Director

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

**Cc:**
1727 Locust St.
Saint Louis, MO 63103

Chastity Doss
MERS Goodwill
1727 Locust St
Saint Louis, MO 63103

Adam D Hirtz
1 N BRENTWOOD BLVD STE 1150
Clayton, MO 63105

Ellen Bruntrager
Kennedy Hunt P.C.
120 South Central Avenue
SAINT LOUIS, MO 63105

Nicole  Matlock
Kennedy Hunt P.C.
4500 West Pine Blvd
Saint Louis , MO 63108


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2024-00446 to the

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2024-00446 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Electronically Filed - CITY OF ST LOUIS - April 24, 2025 - 03:30 PM

Enclosure with EEOC Notice of Closure and Rights (01/22)

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Electronically Filed - CITY OF ST. LOUIS - April 25, 2025 - 10:12 AM

**IN THE CIRCUIT COURT FOR ST. LOUIS CITY,
STATE OF MISSOURI**

| | |
|---|---|
| AMY PENICK, PH.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2522-CC00757 |
| v. | ) |
| | ) Div. No. |
| MERS/MISSOURI GOODWILL | ) |
| INDUSTRIES, | ) |
| | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

**ENTRY OF APPEARANCE**

COMES NOW Nicole Matlock and enters her appearance in the above-captioned matter on behalf of the Plaintiff.

_____
Nicole Matlock

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 25, 2025, the forgoing was filed via the court's electronic filing system.

Kennedy Hunt P.C.

By: _____
Nicole Matlock, MO#66894
4500 West Pine
St. Louis, MO 63108
314-872-9041 phone
314-872-9043 fax
nmatlock@kennedyhuntlaw.com

Electronically Filed - CITY OF ST. LOUIS - April 25, 2025 - 11:25 AM

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

AMY PENICK, PH.D.

## VS

MERS/MISSOURI GOODWILL INDUSTRIES

CASE NO.     2522-CC00757     DIVISION

## ORDER/JUDGEMENT/MEMORANDUM

Comes now, Nicole Matlock, attorney for Plaintiff, and submits additional payment of $40.00 for the initial case filing fee in reference to the above referenced matter filed with the court

April 24, 2025.

Nicole Matlock #66894

Kennedy Hunt PC

4500 West Pine Blvd.
St. Louis, MO 63108

Form 14 (Rev 2/06)

Electronically Filed - CITY OF ST. LOUIS - May 01, 2025 - 02:01 PM

**IN THE CIRCUIT COURT FOR ST. LOUIS CITY,
STATE OF MISSOURI**

| | | |
|---|---|---|
| AMY PENICK, PH.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2522-CC00757 |
| v. | ) | |
| | ) | Div. No. |
| MERS/MISSOURI GOODWILL | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Serve: | ) | |
| Arens, Mark | ) | |
| 1727 Locust St. | ) | |
| Saint Louis, MO 63103 | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**MEMO TO CLERK – NOTICE OF SERVICE**

COMES NOW, Attorney for Plaintiff, Nicole Matlock and files notice with this Court

that attorneys for Defendant MERS/Missouri Goodwill Industries have accepted service of the

Petition filed in this matter on its behalf. See attached Exhibit 1.

Respectfully Submitted,

KENNEDY HUNT LAW, P. C.

By: */s/ Nicole Matlock*
NICOLE MATLOCK, #66894
SARAH JANE HUNT, #63899
4500 West Pine Blvd.
St. Louis, MO 63108
(314) 872-9041 phone
(314) 872-9043 fax
nmatlock@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com

Electronically Filed - CITY OF ST. LOUIS - May 01, 2025 - 02:01 PM

| | |
|---|---|
| **From:** | Hirtz, Adam D. (St. Louis) |
| **To:** | Teresa Kendrick |
| **Cc:** | Nicole Matlock; Sarah Jane Hunt; Benson, Harry (St. Louis) |
| **Subject:** | RE: Amy Penick v. MERS Goodwill - accepting service on Defendant"s behalf |
| **Date:** | Thursday, May 1, 2025 12:35:22 PM |
| **Attachments:** | image001.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image061306.png |

Good afternoon.  I am authorized to accept service of the Amy Penick Petition on behalf of Goodwill as of May 1, 2025.  Thank you.



**Adam D. Hirtz**

Attorney at Law

**Jackson Lewis P.C.**
1 N. Brentwood Blvd.
Suite 1150
St. Louis, MO 63105
Direct: (314) 746-4825 | Main: (314) 827-3939
Adam.Hirtz@jacksonlewis.com | www.jacksonlewis.com

**From:** Teresa Kendrick <Teresa@KennedyHuntLaw.com>
**Sent:** Thursday, May 1, 2025 12:09 PM
**To:** Hirtz, Adam D. (St. Louis) <Adam.Hirtz@jacksonlewis.com>; Benson, Harry (St. Louis) <Harry.Benson@jacksonlewis.com>
**Cc:** Nicole Matlock <nmatlock@KennedyHuntLaw.com>; Sarah Jane Hunt <hunt.sjane@gmail.com>
**Subject:** Amy Penick v. MERS Goodwill - accepting service on Defendant's behalf

Mr. Hirtz,

See attached copies of the Petition in redacted and unredacted form and Exhibit 1.  I have also attached a copy of the Memo we will file once I receive a response from you that you have accepted service.  Please reply to this email and it will be the attachment to the Memo when we file it.

Thank you,

Teresa

Teresa Kendrick  (she/her)
Paralegal
4500 West Pine Blvd.
St. Louis, MO 63108
Direct 314-887-9177 | Phone 314-872-9041

Electronically Filed - CITY OF ST. LOUIS - May 01, 2025 - 02:01 PM

Fax 314-872-9043



**CONFIDENTIALITY NOTICE:** This email message is a confidential communication from Kennedy Hunt, P.C. and may be subject to attorney-client privilege. The information contained in this electronic communication, and any attachments thereto, is privileged and confidential and is intended solely for use by the addressee(s). Any other use, dissemination, or copying of this electronic communication is strictly prohibited and may constitute tortious interference with our confidential business relationships. If this email was erroneously sent to you, please notify us immediately at 314.872.9041 and permanently delete the original and any electronic or printed copies of this electronic communication. PLEASE NOTE: We are required to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice-versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us through which the e-mail passed. I am communicating to you via this medium because you have either e-mailed me or consented to me using e-mail communication with you. If you should change your mind and want future communications to be sent via a different medium, please so advise me.